**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| James Benjamin; | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Criminal Action No.: 2:07-297-PMD |
| v. | ) | |
| | ) | |
| United States of America. | ) | **ORDER** |
| _____ | ) | |

  James Benjamin ("Petitioner"), a pro se prisoner, moves the court to set aside and vacate his sentence pursuant to 28 U.S.C. § 2255. After reviewing the facts and the pertinent law, the court denies Petitioner's petition.

## BACKGROUND

  On January 16, 2008, Petitioner pled guilty to possession with intent to distribute cocaine base and ecstasy, and possession of a firearm in furtherance of a drug trafficking crime. The Government dismissed a charge of possession of a firearm and ammunition by a convicted felon as part of its plea agreement with Petitioner. Petitioner was sentenced to a term of 57 months imprisonment on the drug charge and 60 months imprisonment on the weapons charge, to be served consecutively and followed by five years of supervised release. Counsel for Petitioner filed an *Anders* brief, taking issue with the voluntariness of Petitioner's plea, the constitutionality of the crack cocaine sentencing ratios, and the reasonableness of Petitioner's sentence. Petitioner also filed a *pro se* supplemental brief, in which he challenged the court's imposition of a sentence pursuant to 924(c), the Government's dismissal of the 922(g) count as opposed to the 924(c) count, his 924(c) sentence in light of factors enumerated in § 3553(a), and the effectiveness of his appointed counsel. The Fourth Circuit affirmed Petitioner's sentence.

## <u>ANALYSIS</u>

Petitioner asserts three reasons why the court should vacate his sentence: (1) he did not "actively employ" a firearm during or in relation to the predicate offense; therefore, he is not guilty of the "use" offense of § 924(c); (2) his "mere possession" of a firearm did not further or promote the drug offense; therefore, he is not guilty of the "possession" offense of § 924(c); and (3) his 924(c) conviction, instead of a two level enhancement under United States Sentencing Guidelines Section 2D1.1(b)(1), does not conform to 18 U.S.C. § 3553(a). The Government argues that Petitioner essentially makes the same arguments directly appealed to the Fourth Circuit. In his petition, Petitioner contends that the Fourth Circuit misconstrued his argument as one challenging a conviction under § 922(g), a charge which was dismissed as part of his guilty plea.

In its initial opinion, the Fourth Circuit did state that Petitioner appealed "his convictions and resulting 117-month sentence imposed for possession with intent to distribute crack cocaine, powder cocaine, and a drug commonly known as ecstasy, and *possession of a firearm by a convicted felon*." Later in the opinion, the Fourth Circuit also stated that "Benjamin's pro se supplemental brief challenges his *felon in possession of a firearm conviction*, . . . . After reviewing the record, we find no merit in [this] claim." On March 16, 2009, however, the Fourth Circuit amended its opinion to substitute "possession of a firearm in furtherance of a drug trafficking offense" for "felon in possession of a firearm." *United States v. Benjamin*, No. 08-4348, 314 F. App'x 552, 553 (4th Cir. Nov. 25, 2008). Therefore, the Fourth Circuit affirmed Petitioner's sentence for the possession of a firearm in furtherance of a drug trafficking offense after denying the same arguments Petitioner sets forth in his § 2255 petition before this court.

"It is well-settled law in this jurisdiction that § 2255 does not entitle a petitioner to relitigate, on collateral attack, issues which have been considered and decided on direct appeal or to tender issues which were reviewable only on direct appeal." *Proctor v. United States*, 729 F. Supp. 473, 474–475 (D. Md. 1990), *aff'd*, *Epps v. United States*, 911 F.2d 721 (4th Cir. 1990); *see also United States v. Sanin*, 252 F.3d 79, 83 (2d Cir. 2001) ("It is well established that a § 2255 petition cannot be used to relitigate questions which were raised and considered on direct appeal.") (internal quotation omitted); *United States v. Austin*, No. 6:05-815-HMH, 2008 U.S. Dist. LEXIS 40636, at *3 (D.S.C. May 21, 2008) (concluding that a § 2255 petitioner "cannot relitigate issues on collateral review that have already been decided by the Fourth Circuit."). Since Petitioner argues the same issues he raised directly on appeal, the court denies his petition. The proper course for Petitioner to take would be to file a petition for rehearing to the Fourth Circuit or a writ of certiorari with the United States Supreme Court.

## CONCLUSION

Therefore, based on the foregoing, it is **ORDERED** that Petitioner's petition pursuant to § 2255 motion is hereby **DENIED**.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**November 3, 2009**
**Charleston, SC**